UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DEAN REY SALINAS,

        Petitioner,         Case No. 1:20-cv-120

v.        Honorable Janet T. Neff

BOB VASHAW,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Discussion**

**I.    Factual allegations**

Petitioner Dean Rey Salinas is incarcerated with the Michigan Department of Corrections at the St. Louis Correctional Facility (SLF) in St. Louis, Gratiot County, Michigan. Petitioner pleaded *nolo contendere* in the Ingham County Circuit Court to second-degree murder. On April 10, 2019, the court sentenced Petitioner to a prison term of 20 to 75 years.

On February 10, 2020, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner signed his application on January 22, 2020. (Pet., ECF No. 1, PageID.6.) The petition was received by the Court on February 10, 2020. For purposes of this Opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

The petition raises four grounds for relief, as follows:

I.   Petitioner is entitled to have the sentencing court comply with the plea agreement.

II.  The prosecutor entered into a Killebrew agreement with Petitioner, which provided that Petitioner's maximum prison term would not exceed twenty years.

III. Petitioner is entitled to a reduction of his sentence under the Michigan Constitution and the Fourteenth Amendment to the United States Constitution.

IV.  Petitioner is entitled to a sentence of no more than 20 years imprisonment because he was not charged as a habitual offender.

(Pet., ECF No. 1, PageID.3.)

## II.   AEDPA standard

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 574 U.S. 1, 4 (2014); *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013); *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012); *Williams*, 529 U.S. at 381-82; *Miller v. Straub*, 299 F.3d 570, 578-79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37-38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court

3

adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

## III. Discussion

As noted above, Petitioner asserts four claims for relief, all of which concern his plea agreement and his sentence. In Petitioner's first two claims, he contends that he had a

4

*Killebrew*[1] plea agreement which entitled him to a maximum sentence of no more than 20 years in prison. Petitioner states that he is entitled to the benefit of this agreement. However, a review of the attachments to Petitioner's habeas corpus petition shows that he is mistaken about the substance of his plea agreement. In Petitioner's delayed application for leave to appeal to the Michigan Court of Appeals, his attorney states that Petitioner pled no contest to second-degree murder pursuant to a sentencing agreement that his **minimum** sentence would not exceed twenty years. (ECF No. 1-1, PageID.9 and PageID.11.) During Petitioner's plea hearing, the prosecutor states that "[t]here is a *Killebrew* agreement that the maximum time **for the minimum** shall not exceed 240 months." (*Id.* at PageID.24) (emphasis added). Petitioner's attorney agreed that this was an accurate statement. (*Id.*) Petitioner was sentenced to a prison term of 20 to 75 years. Therefore, because Petitioner's minimum sentence does not exceed 20 years, in compliance with his plea agreement, his first two claims for relief are properly denied.

Petitioner's third and fourth claims assert that he is entitled to a reduction of his sentence because it violates both the Michigan Constitution and the Fourteenth Amendment to the United States Constitution, and because he was not charged as a habitual offender. Petitioner fails to expand on this argument in the body of his habeas petition. However, Petitioner offers a copy of his delayed application for leave to appeal in the Michigan Court of Appeals as an exhibit to the petition. In his appellate brief, Petitioner asserts that his sentence is not proportionate or reasonable because the judge relied on Petitioner's history of alcohol abuse and domestic violence without also considering mitigating factors. (*Id.* at PageID.13-19.)

Although Petitioner cites the Fourteenth Amendment to the Constitution in his petition, his arguments concerning the instant claims appear to be based solely upon state law. The

---

[1] *People v. Killebrew*, 330 N.W.2d 834 (Mich. 1982).

maximum penalty for second-degree murder in Michigan is life imprisonment. *See* Mich. Comp. Laws § 750.317 (1999). As long as a habeas petitioner's sentence is within the statutory limits, trial courts have historically been given wide discretion in determining "the type and extent of punishment for convicted defendants." *Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000) (*citing Williams v. New York*, 337 U.S. 241, 245 (1949)). Because Petitioner alleges only errors of state sentencing law, his claims are not cognizable on habeas review. *See Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir.1988) ("federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures."); *Draughn v. Jabe,* 803 F. Supp. 70, 81 (E.D. Mich. 1992) (same); *Thomas v. Foltz,* 654 F. Supp. 105, 106–07 (E.D. Mich. 1987) (petitioner had no state-created interest in having state sentencing guidelines applied rigidly in determining his sentence).

To the extent that Petitioner is asserting that his sentence was disproportionate to the point of depriving him of his Eighth Amendment right against cruel and unusual punishment, as incorporated by the Fourteenth Amendment, Petitioner failed to "fairly present" his federal claim in the state courts. In his brief before the Michigan Court of Appeals, Petitioner did not raise the Eighth Amendment; rather, he claimed that his sentence was disproportionate under state law. Thus, Petitioner's claim based on state law is not cognizable in a habeas corpus action.

Because Petitioner failed to present his Eighth Amendment claim before the Michigan appellate courts, the exhaustion requirement is not satisfied. Nevertheless, the Court may deny Petitioner's Eighth Amendment claim notwithstanding his failure to exhaust his state court remedies. 28 U.S.C. §2254 (b)(2).

The Court notes that the United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965

(1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583; *see also Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) (gross disproportionality principle applies only in the extraordinary case); *Ewing v. California*, 538 U.S. 11, 36 (2003) (principle applies only in "'the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality'") (quoting *Rummel v. Estelle*, 445 U.S. 263, 285 (1980)). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). Ordinarily, "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Petitioner was not sentenced to death or life in prison without the possibility of parole, and his sentence falls within the maximum penalty under state law. Petitioner's sentence does not present the extraordinary case that runs afoul of the Eighth Amendment's ban of cruel and unusual punishment.

## IV. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467.

Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.


Dated: March 18, 2020 /s/ Janet T. Neff
Janet T. Neff
United States District Judge